Pfeifer, J.,
concurring.
{¶ 27} I concur in whole with the majority opinion. I write separately as a cautionary tale for practitioners.
{¶ 28} All property owners and their counsel know that they have a heavy burden to overcome when challenging a valuation. So why, as in this case, make the situation worse by ignoring simple and obvious requirements? Continuances are routinely granted in tax cases, but not when the party seeking the continuance disregards well-established procedure, such as requesting the continuance in a timely fashion and disclosing its witnesses and exhibits. And if a corporate entity wants to challenge a valuation, it should send a certified appraiser or other qualified expert, not an employee, however experienced. It is well known that the only nonexperts competent to testify as to valuation are owners. Finally, the best way to challenge a valuation is with a proper appraisal, which was not submitted in this case. Little wonder that the property owner was unable to establish that the board of revision abused its discretion.
{¶ 29} I am sympathetic to the property owner in this case. The valuation method used by the auditor to determine the value of a congregate-care assisted-living facility is questionable. It seems more reasonable to base the cost on that of an apartment complex than on a nursing home or hospital. But for a variety of reasons, the corporate property owner was not able to adequately prove its case.
*120 Wayne E. Petkovic, for appellant.
Kenneth W. Oswalt, Licking County Prosecuting Attorney, and Dennis E. Dove, Assistant Prosecuting Attorney, for appellees Licking County Board of Revision and Licking County Auditor.
Means, Bichimer, Burkholder & Baker Co., L.P.A., and Robert M. Morrow, for appellee Newark City Schools Board of Education.